AO 245B (CASDRev. 08/13) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED 2015 FEB 24 PM 1:18

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | (For Offenses Committed On or After November 1, 1987) |
| SVEIN ERIK ULSTEEN (1) | Case Number: 14CR0923-L |

KNUT JOHNSON
Defendant's Attorney

**REGISTRATION NO.** 46104298

☒ Modification of Restitution Order (18 U.S.C § 3664)

THE DEFENDANT:

☒ pleaded guilty to count(s)    THREE (3) OF THE INFORMATION

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
| --- | --- | --- |
| 18:513 | MAKING, UTTERING AND POSSESSING COUNTERFIT AND FORGED SECURITIES OF AN ORGANIZATION | 3 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  1-2 AND 4-6 OF THE INFORMATION  is  dismissed on the motion of the United States.

☒ Assessment : $100

☒ No fine    ☐ Forfeiture pursuant to order filed _____, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

August 21, 2014
Date of Imposition of Sentence

HON. M. JAMES LORENZ
UNITED STATES DISTRICT JUDGE

14CR0923-L

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SVEIN ERIK ULSTEEN (1) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 14CR0923-L | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:
FOURTY SIX (46) MONTHS TO RUN CONCURRENT WITH SENTENCE IN 14CR0924-L

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ A.M. on _____
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ on or before
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

14CR0923-L

| DEFENDANT: | SVEIN ERIK ULSTEEN (1) | Judgment - Page 3 of 5 |
|---|---|---|
| CASE NUMBER: | 14CR0923-L | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
THREE (3) YEARS TO RUN CONCURRENT WITH SUPERVISED RELEASE IN 14CR0924-L

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994*:

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)
- ☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SVEIN ERIK ULSTEEN (1) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 14CR0923-L | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Provide complete disclosure of personal and business financial records to the probation officer as requested.

2. If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry into the United States; supervision waived upon deportation, exclusion, or voluntary departure.

3. Not engage in any employment, profession or volunteer work that requires the defendant to act in a fiduciary capacity or in which he is involved in the solicitation of funds.

4. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

5. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

6. Submit your person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

7. Notify the Collections Unit of the U. S. Attorney's Office, and the U. S. Probation Office, of any interest in property obtained, directly, or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation, until any fine or restitution ordered is paid in full.

8. Notify the Collections Unit of the U. S. Attorney's Office and the U. S. Probation Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant.

9. Cooperate with the IRS in the assessment and collection of taxes due for calendar years 2010, 2011, and 2012.

//

AO 245S    Judgment in Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  5

DEFENDANT: SVEIN ERIK ULSTEEN (1)
CASE NUMBER: 14CR0923-L

# RESTITUTION

The defendant shall pay restitution in the amount of _____$4,420,547.66_____ unto the United States of America.

___ This sum shall be paid immediately.
 X     as follows:

Defendant is ORDERED to pay restitution in the amount of $4,420,547.66 through the Clerk, U.S. District Court. Payment of restitution shall be forthwith. Defendant is ORDERED to make a lump-sum payment of $350,000 immediately, and no later than February 28, 2015. During the term of Defendant's incarceration, he shall pay restitution through the Inmate Responsibility Program at the rate of 50% of the Defendant's income, or $25.00 per quarter, whichever is greater. After incarceration, Defendant shall pay the restitution at the rate of $5,000 per month. These payments schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment. (Refer to Restitution order filed 2/10/15, docket # 68)

The Court has determined that the defendant __does not__ have the ability to pay interest. It is ordered that:

 X     The interest requirement is waived.

___ The interest is modified as follows:

14CR0923-L